**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>DONALD JAN TERRELL and<br>MARLA SUSAN TERRELL,<br><br>Debtors.<br>_____<br><br>SECURITY ALARM FINANCING<br>ENTERPRISES, LP, a<br>California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>DONALD JAN TERRELL and<br>MARLA SUSAN TERRELL,<br><br>Defendants. | Case No. RS 06-13356 PC<br><br>Chapter 7<br><br>Adv. No. RS 07-01007 PC<br><br><br><br>**MEMORANDUM DECISION**<br><br><br>Date: December 13, 2007<br>Time: 9:30 a.m.<br>Place: U.S. Bankruptcy Court<br>      Courtroom # 303<br>      3420 Twelfth Street<br>      Riverside, CA 92501 |

     Plaintiff, Security Alarm Financing Enterprises, L.P. ("SAFE") seeks a summary judgment against Defendants, Donald Jan Terrell and Marla Susan Terrell ("Terrells") declaring that its judgments against the Terrells are nondischargeable under 11 U.S.C. § 523(a)(6). The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law[1] pursuant to Fed. R. Civ. P. 52, as incorporated into adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7052.

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

## I. STATEMENT OF FACTS

SAFE is in the security alarm monitoring business. Residential and commercial customers contract with SAFE for security alarm monitoring services. At one time, the Terrells, through their closely-held corporations, Sessco, Inc. ("Sessco") and Security Equipment Sales Service Company of Texas, Inc., provided on-site service and repair for a number of SAFE's customers. A dispute arose between SAFE and the Terrells which ultimately resulted in the following judgments in favor of SAFE and against the Terrells:

1. A judgment in the amount of $868,997.79, plus post-judgment interest, filed in Case No. MSN-CIV-03-1553, styled Security Alarm Financing Enterprises, L.P. v Sessco, Inc., in the Superior Court of California, County of Contra Costa, on March 2, 2005, as amended by Amended Judgment filed in Case No. MSN-CIV-03-1553, styled Security Alarm Financing Enterprises, L.P. v Sessco, Inc., in the Superior Court of California, County of Contra Costa, on October 31, 2006 (the "Contra Costa Litigation"); and

2. A judgment in the amount of $213,300.71, plus post-judgment interest, filed in Case No. PC035010, styled Security Alarm Financing Enterprises, L.P. v Security Equipment Sales Service Company of Texas, Inc., et. al., in the Superior Court of California, County of Los Angeles, on August 31, 2006 (the "Los Angeles Litigation").

On November 13, 2006, the Terrells filed a voluntary chapter 7 petition in Case No. RS 06-13356 PC, styled In re Donald Jan Terrell and Marla Susan Terrell, Debtors, in the United States Bankruptcy Court, Central District of California, Riverside Division. SAFE was listed in Schedule F as the holder of an unsecured nonpriority claim in the amount of $1,300,000.

On January 11, 2007, SAFE timely filed a complaint seeking to have its debt based upon the judgments entered in the Contra Costa Litigation and Los Angeles Litigation declared nondischargeable under 11 U.S.C. §§ 523(a)(2) and (a)(6). After the Terrells answered the complaint, SAFE moved for a summary judgment. On August 15, 2007, the court granted SAFE a partial summary judgment on its claims under 11

-2-

1  U.S.C. § 523(a)(6), finding that the debt forming the basis for each of the judgments
2  against the Terrells arose from "injury to the person or property" of SAFE and that the
3  only issues remaining to be adjudicated with respect to each of the judgments were (1)
4  whether the injury to SAFE by the Terrells was "willful" and (2) whether the injury to
5  SAFE by the Terrells was "malicious."
6     On September 14, 2007, SAFE filed a second motion for summary judgment
7  alleging there is no genuine issue of material fact concerning the "willfulness" and
8  "maliciousness" of the Terrell's actions and that it is entitled to a summary judgment
9  declaring each of the judgment debts is nondischargeable under 11 U.S.C. § 523(a)(6)
10 as a matter of law. On November 21, 2007, the Terrells filed a separate statement of
11 genuine issues, memorandum of points and authorities, and declaration in opposition to
12 the motion. On November 30, 2007, SAFE filed a reply to the Terrell's oppostion. At a
13 hearing on December 13, 2007, the matter was taken under submission.

## II. DISCUSSION

15    This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.
16 §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).
17 Venue is appropriate in this court. 28 U.S.C. § 1409(a). To prevail under 11 U.S.C. §
18 523(a)(6), the plaintiff must establish the allegations of the complaint by a
19 preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991);
20 Lansdowne v. Cox (In re Cox), 41 F.3d 1294, 1297 (9th Cir. 1986). Objections to the
21 dischargeability of a debt are to be literally and strictly construed against the objector
22 and liberally construed in favor of the debtor. Quarre v. Saylor (In re Saylor), 108 F.3d
23 219, 221 (9th Cir. 1997); Hayhoe v. Cole (In re Cole), 226 B.R. 647, 653 (9th Cir. BAP
24 1998).

-3-

A. <u>Standard for Summary Judgment</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[2] The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. <u>Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.</u>, 18 F.3d 1468, 1471 (9th Cir. 1994).

Under Rule 56(c), the moving party bears the initial burden of establishing that there are no genuine issues of material fact to be decided at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-50 (1986). "A 'material fact' is one that is relevant to an element of a claim or defense or whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." <u>T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987). Genuine issues of material fact are those "factual issues that make a difference to the potential

---

[2] Rule 56 of the Federal Rules of Civil Procedure, applicable to adversary proceedings by virtue of Rule 7056, provides for summary judgment adjudication of issues:

> **(c) Motion and Proceedings Thereon** . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . .
>
> . . .
>
> **(e) Form of Affidavits; Further Testimony; Defense Required** . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(c) & (e).

1 outcome and 'that properly can be resolved only by a finder of fact because they may
2 reasonably be resolved in favor of either party.'" Svob. v. Bryan (In re Bryan), 261 B.R.
3 240, 243 (9th Cir. BAP 2001) (quoting Anderson, 477 U.S. at 250). In other words, a
4 material fact is "genuine" if "the evidence is such that a reasonable jury could return a
5 verdict for the nonmoving party." Anderson, 477 U.S. at 248.
6     Once the moving party's burden is met by presenting evidence which, if
7 uncontroverted, would entitle the moving party to a directed verdict at trial, the burden
8 then shifts to the respondent to set forth specific facts demonstrating that there is a
9 genuine issue for trial. Rudberg v. State of Nevada, 896 F.Supp. 1017, 1020 (D. Nev.
10 1995) (citing Anderson, 477 U.S. at 250). The respondent "will not be able to withstand
11 a motion for summary judgment merely by making allegations; rather, the party
12 opposing the motion must go beyond its pleadings and designate specific facts by use
13 of affidavits, depositions, admissions, or answers to interrogatories showing there is a
14 genuine issue for trial." In re Ikon Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir.
15 2002). A mere "scintilla" of evidence supporting the respondent's position will not be
16 sufficient. Anderson, 477 U.S. at 247-48. "Where the record taken as a whole could
17 not lead a rational trier of fact to find for the non-moving party, there is no 'genuine'
18 issue for trial." Hawking v. Ford Motor Credit Co., 210 F.3d 540, 545 (5th Cir. 2000).
19 B. <u>Willful and Malicious Injury</u>
20     Section 523(a)(6) of the Bankruptcy Code excepts from discharge debts resulting
21 from "willful and malicious injury by the debtor to another entity or to the property of
22 another entity." 11 U.S.C. § 523(a)(6). A "deliberate or intentional injury" is required
23 before § 523(a)(6) will render a debt nondischargeable. See Kawaaukau v. Geiger, 523
24 U.S. 57, 61 (1998) (stating that nondischargeability under § 523(a)(6) "takes a
25 deliberate or intentional <u>injury</u>, not merely a deliberate or intentional <u>act</u> that leads to
26
27     -5-

injury").

Section 523(a)(6) requires separate findings on the issues of "willful" and "malicious." The "willful" injury requirement of § 523(a)(6) is met "when it is shown either that the debtor had a subjective motive to inflict injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." Carrillo v. Su (In re Su), 290 F.3d 1140, 1144 (9th Cir. 2002) (quoting Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1208 (9th Cir.), cert. denied, 533 U.S. 930 (2001)). A "malicious injury" involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Id. at 1146-47 (quoting Jercich, 238 F.3d at 1209). See, e.g., Diamond v. Kolcum (In re Diamond), 285 F.3d 822, 829 (9th Cir. 2002) (holding that a state court jury finding that the debtors "intentionally caused injury" to the creditor "without just cause" was entitled to preclusive effect for purposes of § 523(a)(6)); Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997) (en banc) (stating that malice under § 523(a)(6) "does not require a showing of biblical malice, *i.e.,* personal hatred, spite or ill-will").

The court adopts Facts 1 through 40 of SAFE's Statement of Uncontroverted Facts and Supporting Evidence ("Facts 1-40") filed on September 21, 2007, and incorporates Facts 1-40 herein by reference as though fully set forth herein. Facts 1-40 are established by SAFE's summary judgment evidence. The Terrells did not offer evidence to controvert Facts 1-40. The Terrells do not dispute the existence of the Contra Costa Litigation or the Los Angeles Litigation. Nor do the Terrells dispute that SAFE alleged intentional tort claims against the Terrells in each of the state court actions. The Terrells' defense of SAFE's nondischargeability claim rests primarily on the following premise: (1) the fact that the Arbitrator of the Contra Costa Litigation did not find that the Terrells acted willfully and maliciously when he had an opportunity to do

-6-

so in awarding punitive damages and attorneys fees under California Civil Code § 3426.1(d) "suggests that the court [sic] may have believed the activities complained of were not malicious"[3] and (2) the fact that judgment was entered in the Los Angeles Litigation on the breach of contract claim is "tantamount to a determination that no tortuous conduct occurred and therefore the actions were not willful or malicious."[4] While these may be issues of fact, the court cannot find that they rise to the level of genuine issues of material fact requiring a trial of this adversary proceeding.

      Issues that were actually litigated and necessarily decided in the course of obtaining an arbitration award confirmed as a judgment by a California court are entitled to preclusive effect, provided: (1) the issues are identical; (2) the issues were actually litigated in the former proceeding; (3) the issues were necessarily decided in the former proceeding; (4) the former decision is final on the merits; and (5) the party against whom preclusion is sought is either the same, or in privity with, the party in the former proceeding. Khaligh v. Hadaegh (In re Khaligh), 338 B.R. 817, 824 (9th Cir. BAP 2006).

      In this case, the findings contained in the Decision of the Arbitrator dated October 15, 2004, as supplemented by the Final Decision of the Arbitrator dated December 30, 2004, form the basis for the judgments entered in the Contra Costa Litigation. In its October 15th decision, the Arbitrator made the following findings of fact:

1. Sessco, after termination of its agreement with SAFE, systematically and extensively contacted SAFE's customers to solicit monitoring agreements, service agreements, and other work and services;

2. Sessco entered into a large number of customer agreements with SAFE's customers from October 3, 2003 through February 4, 2004;

3. Sessco engaged in extensive improper solicitation activities;

---

[3] Separate Statement of Genuine Issues By Defendants in Opposition to Motion for Summary Judgment, p.2, l.9-17; p.3, l.17-20; and p.4, l.6-14.

[4] Id. at p.2, l.18-24; and p.3, l.23 to p.4, l.4.

-7-

4. Sessco conducted a large number of solicitations before the customers' relationships with SAFE ended, and Sessco suggested to some of the customers that they terminate their relationships with SAFE;

5. Sessco misappropriated SAFE's customer lists, the personal information and preferences about the customers, the scheduling of their renewals, the services and equipment which they used, and other proprietary information which constituted trade secrets of SAFE in violation of its contract with SAFE and California Civil Code § 3426.1(d);

6. Sessco deleted from its records important detailed customer information shortly after the issuance of the preliminary injunction by the Superior Court, exacerbating the difficulty in identifying customers of SAFE who were solicited by Sessco; and

7. SAFE was justified in terminating its contract with Sessco in view of Sessco's conduct, both before and after termination of the agreement, in soliciting business from SAFE's customers.

The Terrells were the principals of Sessco. The Terrells are jointly and severally liable with Sessco for such conduct under the Amended Judgment entered in the Contra Costa Litigation, which confirms the arbitration award to SAFE as a judgment of a California state court.

In the Los Angeles Litigation, a Statement of Decision was entered after a trial on the merits in which the court made the following findings of fact:

1. Sessco actively encouraged SAFE's customers to transfer monitoring contracts to it in the period following the October 3, 2003 termination letter and continuing through February of 2004;

2. The Terrells ignored Sessco's corporate form, used Sessco as a "piggy bank," and transferred monitoring contracts procured through Sessco without consideration to a Family Trust; and

3. Sessco's "financial documents were essentially meaningless 'flim flam' designed either to avoid taxes or to avoid potential judgments for the individuals."

As in the Contra Costa Litigation, the Terrells were held jointly and severally liable with Sessco for damages awarded to SAFE under the judgment entered in the Los Angeles Litigation.

With respect to issue preclusion, (1) the issues concerning the theft of

- 8 -

customers, misappropriation of customer lists, trade secrets, and other proprietary information, and the resulting damage to SAFE sought to be precluded from litigation in this adversary proceeding are identical to those litigated in the Contra Costa Litigation and Los Angeles Litigation; (2) the issues were actually litigated in the former proceedings; (3) the issues were necessarily decided in the former proceedings; (4) the decisions were final and on the merits, and (5) the parties against whom preclusion is sought are the same parties as in the former proceedings.

For purposes of the "willfulness" requirement of § 523(a)(6), the court may infer subjective intent or substantial certainty from the facts and circumstances surrounding the defendant's conduct. See, e.g., Su, 290 F.3d at 1146 n.6 (stating that "[t]he bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action"); Albarran v. New Form, Inc. (In re Albarran), 347 B.R. 369, 384 (9th Cir. BAP 2006) (stating that "[s]ubjective intent or substantial certainty may be inferred from all of the facts and circumstances established"). The summary judgment evidence establishes that the Terrells' actions were willful. Sessco and the Terrells wrongfully solicited SAFE's customers "systematically and extensively." Sessco and the Terrells misappropriated SAFE's customer lists, trade secrets, and proprietary information. Their conduct was willful because they had actual knowledge that harm to SAFE was substantially certain to occur as a result of their actions.

Having established that Terrells' actions were willful and necessarily caused injury to SAFE, the court can imply malice. Thiara v. Spycher Bros. (In re Thiara), 285 B.R. 420, 434 (9th Cir. BAP 2002) (observing that "the 'done intentionally' element of a 'malicious' injury brings into play the same subjective standard of intent which focuses on the [defendant's] knowledge of harm to the creditor"). Finally, the summary

-9-

1  judgment evidence supports a finding that the Terrells had no just cause or excuse for
2  their actions. The Terrells acquired customers from SAFE with the specific intent to
3  divert consumer traffic from SAFE despite having been informed repeatedly by SAFE to
4  cease and desist their infringement. The Terrells have not produced significantly
5  probative evidence of specific facts in response to SAFE's motion showing there is a
6  genuine issue of material fact requiring a trial in this matter.

### III. CONCLUSION

There being no genuine issue as to any material fact for trial, the court finds that SAFE is entitled to a summary judgment as a matter of law. For the foregoing reasons, Terrells' debt to SAFE in the amount of $868,997.79, plus post-judgment interest thereon, based upon the judgment filed in Case No. MSN-CIV-03-1553, styled <u>Security Alarm Financing Enterprises, L.P. v Sessco, Inc.</u>, in the Superior Court of California, County of Contra Costa, on March 2, 2005, as amended by Amended Judgment filed in Case No. MSN-CIV-03-1553, styled <u>Security Alarm Financing Enterprises, L.P. v Sessco, Inc.</u>, in the Superior Court of California, County of Contra Costa, on October 31, 2006, is excepted from discharge under 11 U.S.C. § 523(a)(6); and further, Terrells' debt to SAFE in the amount of $213,300.71, plus post-judgment interest thereon, based upon the judgment filed in Case No. PC035010, styled <u>Security Alarm Financing Enterprises, L.P. v Security Equipment Sales Service Company of Texas, Inc., et. al.</u>, in the Superior Court of California, County of Los Angeles, on August 31, 2006, is excepted from discharge under 11 U.S.C. § 523(a)(6).

A separate judgment will be entered consistent with this opinion.

Dated: December 14, 2007.

PETER H. CARROLL
United States Bankruptcy Judge

- 10 -

**NOTE TO USERS OF THIS FORM:**
*Physically attach this form as the last page of the proposed Order or Judgment.*
*Do **not** file this form as a separate document.*

| In re DONALD JAN TERRELL and MARLA SUSAN TERRELL, | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER RS 07-01007 PC |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(a)(1)(E), that a judgment or order entitled *(specify)*: MEMORANDUM DECISION

   was entered on *(specify date)*:    DEC 17 2007

2. I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date)*:

   DEC 17 2007

Dated:    DEC 17 2007

JON D. CERETTO
Clerk of the Bankruptcy Court

By: _____
Deputy Clerk

Rev. 1/01  This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 9021-1.1**

Service List

Ben Hamburg
Hamburg Law Corporation
2625 Alcatraz Avenue, #500
Berkeley, CA 94705

Matthew J. Shier
Pinnacle Law Group, LLP
425 California Street, Ste. 1800
San Francisco, CA 94104


Donald Jan Terrell
Marla Susan Terrell
47699 Calle Diamante
Indio, CA 92201


Marla Susan Terrell
Donald Jan Terrell
79405 Highway 111, #9-497
La Quinta, CA 92253


Donald C. McKay
77564 Country Club Dr., #128
Palm Desert, CA 92211


Karl T. Anderson
Chapter 7 Trustee
700 E. Tahquitz Canyon Way, Ste. H
Palm Springs, CA 92262


Matthew F. Kennedy
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067